JUDGE CROTTY          **11 CV 0310**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
CLERMONT INSURANCE COMPANY                    :
and ADMIRAL INDEMNITY COMPANY,                :
                                              :
              Plaintiffs,                     :      New York Co. No. 11609/10
                                              :
                                              :      Southern District No. _____
                                              :
                                              :
TRAVELERS CASUALTY AND SURETY                 :
COMPANY OF AMERICA, HUBERT STREET             :
CONDOMINIUM and ANDREWS BUILDING              :
CORP.,                                        :
                                              :
              Defendant.                      :
-------------------------------------------------------------x
```



Jury Trial Demanded

RECEIVED
JAN 14 2011
U.S.D.C. S.D. N.Y.
COMPLETED

### NOTICE OF REMOVAL

Defendant, Travelers Casualty and Surety Company of America ("Travelers"), pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby gives notice of its removal of this action from the Supreme Court of the State of New York, New York County, to this Court. In support of its Notice of Removal, Travelers states as follows:

### THE STATE COURT ACTION

1.      On or about December 13, 2010, Clermont Insurance Company ("Clermont") and Admiral Indemnity Company ("Admiral") (Clermont and Admiral are referred to herein collectively as the "Plaintiffs") commenced an action by filing a complaint against Travelers in the Supreme Court of the State of New York, New York County, bearing Case No. 11609/10 (the "State Court Action").[1] Service was effected upon the Insurance Department of the State of

---

[1] The State Court Action is pending in this judicial district.

New York on December 15, 2010.  A copy of the Complaint and Summons is attached to this Notice of Removal as Exhibit A.

## THE PARTIES

2.      Clermont is, and at the time of commencement of this action was, an Iowa corporation with its principal place of business in Cherry Hill, New Jersey.

3.      Admiral is, and at the time of commencement of this action was, a Delaware Corporation with its principle place of business in Cherry Hill, New Jersey.

4.      Travelers is, and at the commencement of this action was, a corporation organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut.

5.      Defendant Hubert Street Condominium ("Hubert Street") is, and at the commencement of this action was, a condominium association organized and existing pursuant to an Offering Plan and approved by the Attorney General of the State of New York.

6.      Defendant Andrews Building Corporation ("Andrews") is, and at the commencement of this action was, a New York corporation with its principal place of business in New York City.  Upon information and belief, Andrews is the managing agent for Hubert Street.

## THE NATURE OF THE DISPUTE

7.      Travelers issued a Non-Profit Management and Organization Liability Insurance Policy (the "Travelers Policy") to Hubert and Andrews for the policy period of August 10, 2008 through August 10, 2009.

8.      Upon information and belief, Admiral issued commercial general liability policies to Hubert Street and Andrews in 2004, 2005 and 2008.

9.      Upon information and belief, Clermont issued commercial general liability policies to Hubert Street and Andrews in 2006, 2007 and 2009.

10.   On or about October 2008, Hubert Street and Andrews were named as third party defendants in an action styled *145 Hudson St. Associates, LP v. Hubert Street Condominium and Andrews Building Corp.* (the "Hudson Street Action") venued in the Supreme Court of the State of New York, New York County. The Hudson Street Action seeks, *inter alia*, indemnification and/or contribution from Hubert Street and Andrews with respect to their alleged failure to provide access to the Hubert property.

11.   The Hudson Street Action was tendered as a claim under the Admiral and Clermont policies, and on or about November 26, 2008, Clermont and Admiral issued a reservation of rights by which they agreed to provide Hubert Street and Andrews with a defense to the Hudson Street Action.

12.   Clermont and Admiral now bring the State Court Action seeking contribution from Travelers pursuant to the Travelers Policy for the defense of the Hudson Street Action.

## STATUTORY REQUIREMENTS FOR REMOVAL

13.   By this Notice, Travelers has removed the State Court Action to this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446, and asserts that federal subject matter jurisdiction is proper under diversity jurisdiction. Removal based on federal diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that the citizenship of the parties be completely diverse. 28 U.S.C. §1332(a)(1).

Amount in Controversy.

14.   The Travelers Policy has limits of liability of $1,000,000, which subject to its terms, conditions and exclusions is available to pay defenses costs and indemnity incurred as the result of a covered claim. Thus, the amount in controversy exceeds $75,000, exclusive of interest or costs.

Diversity of Citizenship.

15.     There is complete diversity of citizenship between Clermont and Admiral on the one hand, and Travelers, Hubert Street and Andrews on the other hand, and such complete diversity existed at the time the State Court Action was commenced[2].

Timeliness of Removal.

16.     This Notice of Removal is filed within thirty days of December 15, 2010, the date of service upon the Insurance Department of the State of New York, Travelers' agent for service of process.

Attachment of Documents.

17.     Travelers has attached all process, pleadings, and orders served on it in the State Court Action, as required by 28 U.S.C. §1446(a).  *See Exhibit A.*

 Written Notice to Plaintiff.

18.     Written notice of the filing of this Notice of Removal will be given promptly by Travelers to counsel for Clermont and Admiral as specified in the attached Certificate of Service, as required by 28 U.S.C. §1446(d).

Filing Notice in State Court.

19.     A copy of this Notice of Removal will be filed promptly by Travelers in the Supreme Court of New York for the County of New York, in accordance with 28 U.S.C. §1446(d).

**THE RULE OF UNANIMITY DOES NOT APPLY TO THIS REMOVAL PETITION**

20.     Although there is no statutory requirement that all defendants must consent to removal, courts have consistently interpreted 28 U.S.C. § 1446(d) as requiring that all defendants

---

[2] Travelers reserves the right to argue that Hubert Street and Andrews are nominal defendants and/or should be realigned as plaintiffs should the argument be made that they are not diverse from Plaintiffs.

consent to removal within the statutory thirty day period, a requirement known as the "rule of unanimity." *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F.Supp.2d 367, 383 (S.D.N.Y. 2006).

21.     However, the rule of unanimity has several well-recognized exceptions which "mirror the principles applicable to determining whether complete diversity exists for jurisdictional purposes.   Among these exceptions is that 'nominal or formal parties may be disregarded, and the failure of an improperly joined party to participate in the removal will not defeat removal.'" *Still v. DeBuono*, 927 F.Supp. 125, 129 (S.D.N.Y. 1996), *citing Avon Prod. Inv. v. A/J Partnership*, 1990 WL 422416 at *2 (S.D.N.Y. Mar. 1, 1990).

22.     A party is "nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf, as the case may be." *Id.*, *citing* S*axe, Bacon & Bolan, P.C. v. Martindale-Hubbell*, 521 F.Supp. 1046, 1048 (S.D.N.Y. 1981.)

23.     Travelers asserts that both Hubert Street and Andrews are nominal defendants, and therefore their consent is not required to properly effect this removal petition.   Specifically, both Hubert Street and Andrews are insureds under policies issued by Clermont, Admiral and Travelers.   The State Court Action is a dispute between the three insurers as to which carrier(s) should bear the burden of defending and potentially indemnifying Hubert Street and Andrews. Any relief Clermont and Admiral are successful in obtaining as against Travelers—specifically, contribution from Travelers for the defense of the Hudson Street Action—necessarily and directly benefits Hubert Street and Andrews.   In fact, the third cause of action in the State Court Action expressly seeks an award of damages on behalf of Clermont, Admiral, Hubert Street and Andrews.   *See*, Exhibit A, ¶ 30(c).   Further, based upon the allegations in the State Court Action, there is no theory of liability upon which Hubert Street and Andrews could be liable to Clermont

and Admiral.  Thus, although Hubert Street and Andrews are named as defendants in the State Court Action there is "no cause of action or claim for relief" that could be stated against them, *Id.*, they are therefore nominal defendants, the rule of unanimity does not apply, and their consent to this removal is not required.

Respectfully submitted,

Defendant Travelers Casualty and Surety Company

Dated:  January 14, 2011

By: _____

Alexis J. Rogoski

Alexis J. Rogoski, Esq.  (AJR-8512)
Edward C. Carleton, Esq. (ECC-7569)
Boundas, Skarzynski, Walsh & Black, LLC
One Battery Park Plaza, Fl. 32
New York, New York 10004
(212) 820-7700

4832-5292-5448

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CLERMONT INSURANCE COMPANY and ADMIRAL
INDEMNITY COMPANY,

                                                    Plaintiffs,

-against-

TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA, HUBERT STREET CONDOMINIUM
and ANDREWS BUILDING CORP.,

                                                    Defendants.

Index No. 116090/10

*Plaintiffs designate New York
County as the place of trial*

*The basis of the venue is
Defendants' residence*

**SUMMONS**

NOT COMPARED
WITH COPY FILE

DEC 13 2010

NEW YORK
COUNTY CLERKS OFFICE

*To the above named Defendants*

        **You are hereby summoned** *to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you be default for the relief demanded in the
complaint.*

*Dated:  New York, New York
        December 10, 2010*

                                        Arnold Stream
                                        *KARDARDAS & KELLEHER LLP*
                                        *Attorneys for Plaintiffs*
                                        *44 Wall Street, 16th Floor*
                                        *New York, NY  10005*
                                        *(212) 785-5050*

TO:    Travelers Casualty and Surety Company of America
       1 Tower Square, 2S2
       Hartford, CT 06183-0001
       c/o New York State, Department of Insurance
       25 Beaver Street
       New York, NY  10004

       Hubert Street Condominium
       c/o Andrews Building Corp.
       666 Broadway
       New York, NY  10012

       Andrews Building Corp.
       666 Broadway
       New York, NY  10012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CLERMONT INSURANCE COMPANY and ADMIRAL INDEMNITY COMPANY, | Index No. *11609 0/10* |
| Plaintiffs, | **DECLARATORY JUDGMENT COMPLAINT** |
| -against- | *FILED 12/13/10* |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, HUBERT STREET CONDOMINIUM and ANDREWS BUILDING CORP., | |
| Defendants. | |

Plaintiffs, CLERMONT INSURANCE COMPANY and ADMIRAL INDEMNITY

COMPANY, by their attorneys, KARDARAS & KELLEHER LLP, complaining of defendants,

respectfully allege upon information and belief:

### THE PARTIES

1.      At all times mentioned herein, CLERMONT INSURANCE COMPANY

("Clermont") is a foreign corporation, authorized and empowered to do business in the State of

New York.

2.      At all times mentioned herein, Clermont is authorized and empowered to issue

liability insurance policies in the State of New York.

3.      At all times mentioned herein, ADMIRAL INDEMNITY COMPANY ("Admiral")

is a foreign corporation authorized and empowered to conduct business in the State of New York.

4.      At all times mentioned herein, Admiral is authorized and empowered to issue

liability insurance policies in the State of New York.

5.     At all times mentioned herein, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("Travelers") was authorized and empowered to conduct business in the State of New York.

6.     At all time mentioned herein, Travelers was authorized and empowered to issue directors and officers liability insurance policies in the State of New York.

7.     At all times mentioned herein, HUBERT STREET CONDOMINIUM ("Hubert Street") was and is a condominium association organized and existing pursuant to the laws of the State of New York.

8.     At all times mentioned herein, Hubert Street was and is a condominium association organized and existing pursuant to its Offering  Plan and approval by the Attorney General of the State of New York.

9.     At all times mentioned herein, Hubert Street represents the collective unit owners of the property and building located at 3-9 Hubert Street, New York, New York, c/o Andrews Building Corporation, 666 Broadway, New York, New York 10012.

10.     At all times mentioned herein, Andrews Building Corporation ("Andrews") is a New York corporation with its principal place of business at 666 Broadway, New York, New York 10012.

## JURISDICTION AND VENUE

1.     This declaratory judgment action is brought pursuant to New York CPLR Section 3001.

2.     An actual and justiciable controversy exists between Clermont, Admiral, Travelers, Hubert Street, and Andrews within the meaning of New York CPLR Section 3001 regarding the existence and extent of insurance coverage under certain policies defined below.

3.      This court has jurisdiction of this action under the New York CPLR Sections 301 and 302, as all parties are domiciliaries, or authorized to conduct business and/or transacting business within the State of New York.

4.      Venue is proper in this county pursuant to New York CPLR Section 503 based upon the principal places of business of Hubert Street and Andrews.

## THE POLICIES

5.      On or about July 15, 2004, August 10, 2005, and August 10, 2008, Admiral issued to Hubert Street policies of commercial general liability insurance, bearing policy numbers 21-2-3912-31-05, 21-2-3912-31-06 and 21-2-3912-31-09.

6.      On or about August 10, 2006, August 10, 2007, and August 10, 2009, Clermont issued to Hubert Street policies of commercial liability insurance, bearing policy numbers 41-2-3912-31-07, 41-2-3912-31-08 and 41-2-3912-31-10.

7.      The policies afforded Hubert Street commercial general liability insurance coverage.

8.      On or about August 10, 2008, Travelers issued to Hubert Street a Non-Profit Management and Organization Liability Insurance Policy, bearing policy number 001-LB-104868258.

9.      The policy afforded Hubert Street Condominium directors and officers liability insurance coverage.

## NATURE OF ACTION

10.     This case arises out of an action captioned *Alan Wilzig v. 145 Hudson Street Condominium and 145 Hudson Street Associates, LP v. Hubert Street Condominium and Andrews Building Corp.*, Index No. 08-110300, venued in Supreme Court, New York County, seeking

damages and injunctive relief as to matters alleged have occurred from 2005 through the present

("the Underlying Action").

11.    On or about October 10, 2008, 145 Hudson Street Condominium and 145 Hudson

Street Associates, LP, brought a third-party action against Hubert Street and Andrews seeking

indemnification/contribution from Hubert Street and Andrews as to their alleged failure to provide

access to the Hubert property and/or Wilzig unit, interfering with the commencement of work by

third-party plaintiffs, in failing to fully satisfy Andrews' legal and contractual duties as managing

agent, and further seeking damages by allegedly being unable to complete work in a timely

manner, including, but not limited to, performing additional work that otherwise was not required

and for being precluded from marketing and selling certain residential units as planned for in

accord with third-party plaintiffs' financial projections.

12.    The claims of third-party plaintiffs were tendered to Clermont and Admiral.

13.    On or about November 26, 2008, Clermont and Admiral issued a reservation of

rights and partial disclaimer in which Clermont and Admiral agreed to provide Hubert Street and

Andrews with a defense to the third-party action.

14.    Clermont and Admiral have provided Hubert Street and Andrews with a defense in

the third-party action with no contribution by any other insurance company.

15.    On or about January 23, 2009, Travelers issued to Hubert Street Condominium a

reservation of rights letter, in which Travelers acknowledged its duty to defend Hubert Street and

Andrews, and agreed to defend the same in the third-party action.

16.    In its January 23, 2009 reservation of rights letter, Travelers acknowledged that

there were covered and non-covered causes of action in the third-party complaint.

4

17.    Notwithstanding its acknowledged duty to defend, Travelers has failed to defend or otherwise participate in the defense of Hubert Street and Andrews.

18.    Clermont and Admiral have demanded that Travelers participate in the defense of their mutual insureds, Hubert Street and Andrews, but Travelers declined to do so.

19.    The Clermont, Admiral and Travelers' policies each provide primary coverage.

20.    The Clermont, Admiral, and Travelers' policies provide coincidental or successive primary coverage, and the insurers must equitably share all defense and indemnification costs.

## AS AND FOR THE FIRST CAUSE OF ACTION

21.    Plaintiffs repeat and re-allege each and every allegation contained in those paragraphs 1 through 20 inclusive, with the same force and effect as if herein specifically set forth in full.

22.    Based on the foregoing, an actual justiciable controversy exists among Clermont, Admiral, Travelers, Hubert Street and Andrews.

23.    Pursuant to NY CPLR Section 3001, Clermont and Admiral request a declaration by this Court that Travelers is obligated to participate in the defense, and pay all or part of all defense costs that Clermont and Admiral have incurred to date with respect to the underlying action.

## AS AND FOR THE SECOND CAUSE OF ACTION

24.    Plaintiffs repeat and re-allege each and every allegation contained in those paragraphs 1 through 23 inclusive, with the same force and effect as if herein specifically set forth in full.

25.    Based on the foregoing, an actual justiciable controversy exists between Clermont, Admiral, Travelers, Hubert Street and Andrews.

5

26.     Clermont and Admiral request a declaration by this court that Travelers is obligated to indemnify Hubert Street and Andrews from all liabilities that may have arisen with respect to the Underlying Action.

## AS AND FOR THE THIRD CAUSE OF ACTION

27.     Plaintiffs repeat and re-allege each and every allegation contained in those paragraphs 1 through 26 inclusive, with the same force and effect as if herein specifically set forth in full.

28.     Travelers has breached the terms of its policy by refusing to defend and indemnify Hubert Street and Andrews.

29.     Clermont and Admiral are implied third-party beneficiaries of the Travelers policy.

30.     Clermont and Travelers are entitled to and request damages as a result of Travelers' breach of contract in an amount to be determined by the court.

WHEREFORE, Clermont and Admiral demand judgment:

a)      On the First Cause of Action, declaring that Travelers is obligated to defend Hubert Street and Andrews and pay all or a portion of the defense costs that Clermont and Admiral have incurred to date with respect to the Underlying Action;

b)      On the Second Cause of Action, declaring that Travelers is obligated to indemnify Hubert Street and Andrews from and against all claims, liabilities, settlements and judgments against Hubert Street and Andrews that have arisen with respect to the Underlying Action;

c)      On the Third Cause of Action, awarding Clermont, Admiral, Hubert Street and Andrews damages in amount to be determined at trial for Travelers' breach of contract;

d)      Otherwise determining the rights and obligations of Clermont, Admiral, and

Travelers with respect to the Clermont, Admiral, and Travelers' policies;

e)      For Clermont's and Admiral's costs, disbursements and attorneys fees, incurred in

connection with this action; and

f)      For such other and further relief as to the court may seem just and proper.

Dated:    New York, New York
          December 10, 2010

Respectfully submitted,

KARDARAS & KELLEHER LLP

By:_____

Arnold Stream
*Attorneys for Plaintiffs*
CLERMONT INSURANCE COMPANY and
ADMIRAL INDEMNITY COMPANY
44 Wall Street – 16th Floor
New York, NY  10005-1303
Tel:  212-785-5050

7

Index No.  116090/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CLERMONT INSURANCE COMPANY and ADMIRAL
INDEMNITY COMPANY,

                                                          Plaintiffs,

                    -against-

TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA, HUBERT STREET CONDOMINIUM
and ANDREWS BUILDING CORP.,

                                                          Defendants.


# SUMMONS AND COMPLAINT


**KARDARAS & KELLEHER LLP**
*ATTORNEYS FOR PLAINTIFFS*
44 WALL STREET, 16th FLOOR
NEW YORK, NY  10005
(212) 785-5050

Corporation Service Company
Travelers Casualty and Surety Company
of America
80 State Street
Albany NY 122072543

STATE OF NEW YORK
INSURANCE DEPARTMENT
ONE COMMERCE PLAZA
ALBANY, NY 12257



**INSURANCE DEPARTMENT
STATE OF NEW YORK
One Commerce Plaza
Albany, NY 12257**

STATE OF NEW YORK

Supreme Court, County of NEW YORK

116090/10

Clermont Insurance Company and Admiral Indemnity Company         Plaintiff(s)

against

Defendant(s)

Travelers Casualty and Surety Company of America

RE :Travelers Casualty and Surety Company of America formerly known as   Aetna Casualty and Surety
Company of America

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for  Plaintiff(s) is hereby advised of acknowledgement of service upon this Department
Summons, Etc. in the above entitled action on December 15, 2010 at New York, New York. The $ 40.00
fee is also acknowledged.

Original to Attorney for Plaintiff(s):

   Kardardas & Kelleher LLP
   Arnold Stream
   44 Wall Street, 16th Floor
   New York, New York 10005

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of
service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

   Corporation Service Company
   Travelers Casualty and Surety Company of America
   80 State Street
   Albany, New York 12207-2543

*Clark J. Williams*

**Clark J. Williams
Special Deputy Superintendent**

Dated Albany, New York, December 21, 2010
 482529



CORPORATION SERVICE COMPANY®

## Notice of Service of Process

**SLM / ALL**
**Transmittal Number: 8310160**
**Date Processed: 12/23/2010**

| | |
|---|---|
| Primary Contact: | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street,  MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| Entity: | Travelers Casualty and Surety Company of America<br>Entity ID Number  2319288 |
| Entity Served: | Travelers Casualty and Surety Company of America, formerly known as Aetna<br>Casualty and Surety Company of America |
| Title of Action: | Clermont Insurance Company vs. Travelers Casualty and Surety Company of<br>America |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | New York County Supreme Court, New York |
| Case/Reference No: | 116090/10 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 12/23/2010 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | Dept of Ins-NY on 12/15/2010 |
| How Served: | Regular Mail |
| Sender Information: | Arnold Stream<br>212-785-5050 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com